UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
TRENENA "TRINA" PATTERSON,

                Plaintiff,

      -against-

ENTERTAINMENT PARTNERS LLC,
EYE PRODUCTIONS INC.,
VIACOMCBS INC., and
MICHAEL WOLL, individually.

             Defendants.
------------------------------------------------------------------------------X

Civil Case No.: 20-cv-1911

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, TRENENA "TRINA" PATTERSON (hereinafter referred to as "Plaintiff"), by

and through her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of

Defendants ENTERTAINMENT PARTNERS LLC, EYE PRODUCTIONS INC., VIACOMCBS

INC., and MICHAEL WOLL, individually (hereinafter referred to collectively as "Defendants"),

upon information and belief, as follows:

**NATURE OF CASE**

1.      Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified,

42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.

L. No. 102-166) ("Title VII"), 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991

("1981"), the laws of the State of New York, and the Administrative Code of the City of New York,

based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America*

*v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and

damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, race/color

discrimination, national origin discrimination, and sex/gender discrimination, together with hostile

work environment, retaliation, and unlawful termination by her employer.

## JURISDICTION AND VENUE

2.      Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and 42 U.S.C. §1981. The Court also has jurisdiction pursuant to 29 U.S.C. §2617, 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3.      Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4.      On or about October 30, 2019, Plaintiff submitted a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC").

5.      On or about December 14, 2019, Plaintiff received a Right to Sue Letter from the EEOC.

6.      Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7.      Venue is proper in that the events arose in New York County within the Southern District of New York.

## PARTIES

8.      Plaintiff is an individual, African-American female who is a resident of the State of New Jersey, Township of West Orange.

9.      At all times material, Defendant ENTERTAINMENT PARTNERS LLC (hereinafter referred to as "EP") is a foreign business corporation duly existing by the virtue and laws of the State of Delaware that does business in the State of New York.

10.     At all times material, Defendant EP owns and operates a global entertainment company based in New York City.

11.     At all times material, Defendant EYE PRODUCTIONS INC. (hereinafter referred to as "EYE") is a foreign business corporation duly existing by the virtue and laws of the State of Delaware that does business in the State of New York.

12.     At all times material, Defendant EYE owns and operates a television production company based in California, which does business globally.

13.     At all times material, Defendant VIACOMCBS INC. (hereinafter referred to as "CBS") is a foreign business corporation duly existing by the virtue and laws of the State of Delaware that does business in the State of New York.

14.     At all times material, Defendant CBS owns and operates a television broadcasting company that does business globally.

15.     At all times material, Defendants EP, EYE, and CBS (hereinafter collectively referred to as "Defendants") were joint employers of Plaintiff.

16.     At all times material, Defendant MICHAEL WOLL (hereinafter referred to as "WOLL"), is an individual Caucasian male who is a resident of the State of New Jersey.

17.     At all times material, Defendants employed WOLL as a Costume Designer on set for the popular American television show, "Blue Bloods."

18.     At all times material, Defendant WOLL held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

## STATEMENT OF FACTS

19.     In or around August 2014, Defendants hired Plaintiff as a part-time Set Costumer on the set of the television show, "Blue Bloods."

20.     In or around July 2018, Defendants promoted Plaintiff to a full-time position.

21.     In or around July 2018, Defendant WOLL was promoted from Head Supervisor to Costume Designer. In this role, WOLL became Plaintiff's direct supervisor.

22.     Around this same time, WOLL began making racially discriminatory comments towards Plaintiff.

23.     By way of example only, subjected Plaintiff to racially biased stereotypes by frequently stating to Plaintiff: "**black people can't swim**" and "**black people don't climb on ladders**."

24.     Additionally, WOLL made comments about Plaintiff having more than one "**baby daddy**," along with comments about Plaintiff's "**wide hips**" and "**big butt**," again referring to a discriminatory stereotype about African-Americans.

25.     On countless occasions, WOLL also referred to Plaintiff's headscarf as a "**du-rag**," blatantly discriminating against Plaintiff's African American hair.

26.     Moreover, WOLL called Plaintiff other racially-motivated epithets such as: "**idiot**," "**lazy**" and "**incompetent**" on a weekly basis.

27.     Additionally, Plaintiff was also informed by a co-worker that WOLL had made discriminatory comments upon Plaintiff's date of hire. Specifically, WOLL stated: "**Why would you hire that little black girl? She looks like a hot ghetto mess**."

28.     Defendants discriminated against Plaintiff on the basis of her race/color and national origin.

29.     Defendants subjected Plaintiff to a hostile work environment based on her race/color and national origin which was sufficiently severe and/or pervasive so as to unreasonably interfere with the workplace environment.

30.     As a result of WOLL's unyielding discrimination and harassment, Plaintiff often left the set crying.

31.     WOLL further discriminated against Plaintiff on the basis of her sex/gender.

32.     By way of example only, on or about August 13, 2019, WOLL yelled at Plaintiff for speaking with a male co-worker and told her to "**stop being such a slut**."

33.     Later that same day, after noticing that Plaintiff was crying, WOLL stated "**There's not enough milk in my titties to feed you**," insinuating that Plaintiff was acting like an infant because Plaintiff was crying in response to WOLL's discriminatory comments.

34.     In addition to the discriminatory comments and treatment that WOLL subjected Plaintiff to, WOLL also instructed Plaintiff to perform menial personal tasks that were not related to her job duties, such as driving WOLL's husband and niece around New York City.

35.     WOLL treated Plaintiff less well than her Caucasian male counterparts, who were not subjected to discriminatory comments and/or instructed to perform menial tasks.

36.     On or about August 26, 2019, Plaintiff complained to her supervisor, YLEANA NUNEZ (hereinafter referred to as "NUNEZ") regarding the discriminatory comments to which WOLL had subjected Plaintiff.

37.     On this same day, Plaintiff also called her Union to file a discrimination complaint against WOLL.

38.     On or about August 28, 2019, merely two (2) days after Plaintiff complained to about the discrimination and hostile work environment to which she was subjected to, WOLL

summarily demoted Plaintiff and simultaneously cut her days from 5 days per week to 1 day per week, pretextually citing "performance issues" as a justification for the demotion.

39.     Notably, prior to Plaintiff's complaint of discrimination and hostile work environment, Plaintiff was regularly working 50-60 hours for Defendants on a weekly basis.

40.     Furthermore, at all times material, Plaintiff had never been disciplined for issues related to her job performance *prior* to complaining about workplace discrimination and harassment.

41.     Defendants retaliated against Plaintiff for engaging in protected activity by complaining about the discrimination and hostile work environment to which WOLL subjected Plaintiff.

42.     In a further and final act of retaliation, on or about September 12, 2019, Defendant summarily terminated Plaintiff's employment, again pretextually citing "performance issues."

43.     Defendants' discriminated against Plaintiff on the basis of her race/color, national origin and sex/gender, failed to properly investigate Plaintiff's discrimination complaint(s), retaliated against Plaintiff for engaging in protected activity, and unlawfully terminated Plaintiff.

44.     Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

45.     Plaintiff hereby requests reinstatement.

46.     As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and severely emotionally distressed.

47.     As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

48.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails.  Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

49.     As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

50.     The above are just some examples of the unlawful discrimination to which Defendants subjected Plaintiff.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### <u>TITLE VII</u>
### (AGAINST CORPORATE DEFENDANTS)

51.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer: "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . ."

53.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by subjecting Plaintiff to discrimination on the basis of her race, color, national origin, and sex/gender, together with causing a hostile work environment based on the same.

54.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER
## <u>TITLE VII</u>
## (AGAINST CORPORATE DEFENDANTS)

55.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

57.     Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq., by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

58.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## UNDER FEDERAL LAW
## <u>42 U.S.C. SECTION 1981</u>
## (AGAINST ALL DEFENDANTS)

59.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60.     42 U.S.C.A. Section 1981 states in relevant part as follows: "Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and

exactions of every kind, and to no other. (b) "Make and enforce contracts" defined "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. §1981.

61.     Defendants discriminated against Plaintiff, as a member of the African American race, in violation of the rights afforded to her by 42 U.S.C. §1981.

62.     By the conduct described above, Defendants intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens, to the creation, performance, enjoyment, and all benefits and privileges of her contractual relationship with Defendants, in violation of 42 U.S.C. §1981.

63.     As a result of Defendants' discrimination in violation of Section 1981, as a member of the African American race, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of her contractual relationship which provided substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

64.     As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

65.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

66.     Plaintiff repeats, reiterates and realleges each and every allegation made in the

above paragraphs of this Complaint as if more fully set forth herein at length.

67.     New York State Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

68.     Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her race/color, national origin, and sex/gender.

69.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

70.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION
FOR RETALIATION UNDER
<u>NEW YORK STATE LAW</u>
(AGAINST ALL DEFENDANTS)**

71.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72.     New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

73.     Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of her employment because of her

opposition to the unlawful employment practices of Defendant.

74.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## AIDING AND ABETTING
## (AGAINST ALL DEFENDANTS

75.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76.    New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

77.    Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

78.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

79.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

80.    The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in

compensation or in terms, conditions or privileges of employment."

81.     Defendants engaged in an unlawful discriminatory practice in violation of New

York City Administrative Code Title 8, by creating and maintaining discriminatory working

conditions and a hostile work environment, and otherwise discriminating against the Plaintiff

because of Plaintiff's race, color, national origin, and sex/gender.

82.     Plaintiff hereby makes a claim against Defendants under all of the applicable

paragraphs of New York City Administrative Code Title 8.


**AS A SEVENTH CAUSE OF ACTION
FOR RETALIATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

83.     Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

84.     The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall

be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise

discriminate against any person because such person has opposed any practices forbidden under

this chapter. . . "

85.     Defendants engaged in an unlawful discriminatory practice in violation of New

York City Administrative Code Tide 8, §8-107(1)(e) by discriminating against the Plaintiff because

of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.


**AS AN EIGHTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

86.     Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

87.    The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

88.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS A NINTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

89.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

90.    Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

91.    Defendants violated the above section as set forth herein.

**AS A TENTH CAUSE OF ACTION
FOR INDIVIDUAL LIABILITY UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

92.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

93.     Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

94.     Defendants violated the above section as set forth herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  March 4, 2020
        New York, New York

                                        **DEREK SMITH LAW GROUP, PLLC**
                                        *Attorneys for Plaintiff*

                                                */s/ Rachel Allen*
                                By:     _____

                                        Rachel Allen, Esq.
                                        One Penn Plaza, Suite 4905
                                        New York, New York 10119
                                        (212) 587-0760

15