UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
TRENINA "TRINA" PATTERSON,  	Civ. Case No.: 20:cv-1911 (AKH)

         Plaintiff,

  -against-  	**STIPULATION AND ORDER OF CONFIDENTIALITY**

ENTERTAINMENT PARTNERS LLC,
EYE PRODUCTIONS INC.,
VIACOMCBS INC., and
MICHAEL WOLL, individually,

         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the parties hereto, that:

    1. This Stipulation governs the handling of all information contained in documents, electronically stored information, deposition testimony, deposition exhibits, answers to interrogatories, requests for admission, trial testimony, medical records, and other written, recorded or graphic matter ("Discovery Materials"), which are specifically stamped and designated as Confidential, or are otherwise deemed "Confidential" in accordance with Paragraph 3, below, pursuant to this Stipulation.

    2. All Discovery Materials produced in this action by a person or entity, whether a party or a non-party ("Producing Person"), designated as Confidential pursuant to this Stipulation shall be used by the recipient only for the purposes of conducting this litigation and not for any business, competitive, personal, private, public or other purpose whatsoever.

    3. Any Producing Person may designate Discovery Materials produced in this action as Confidential if they are or contain personnel files reflecting information about non-parties, or

if they contain private personal information, medical information, confidential or proprietary business information, or financial information ("Confidential Information"), by stamping a document "Confidential," by stating in answers or responses to discovery requests that the information contained therein is "Confidential," or by otherwise advising, in writing, the recipient that they are "Confidential" within 10 days of disclosure of Discovery Materials by the Producing Person or within 10 days of the execution of this Stipulation, whichever is later.  Any party or third-party deponent may designate a transcript of deposition testimony given in this action by any person or entity, or any portions thereof, as "Confidential" either by requesting on the record that the transcript be so designated, or by notifying the other parties in writing within 10 days of receiving the deposition transcript that the party or third-party deponent is so designating the transcript or any portion thereof, if such testimony discussed Confidential Information or the contents of the documents are designated "Confidential."  All deposition transcripts shall be "Confidential" for 10 days following the receipt of the transcript to afford the parties the opportunity to designate the transcript or portions thereof "Confidential."  As used herein, the term "Confidential Material" means all Discovery Materials designated "Confidential" pursuant to this Stipulation.

      4.      Confidential Material or the contents thereof shall not be given, shown, made available, communicated or otherwise disclosed to anyone other than: (i) the parties; (ii) the Court and Court personnel (including Court reporters); (iii) witnesses, or potential witnesses, whether or not in the employ of Eye Productions Inc. or ViacomCBS Inc., as to whom a *bona fide* reason or reasons exist for such persons to have access to information or materials designated as "Confidential"; (iv) the undersigned counsel for the parties to this action and their current employees; (v) any expert, witness, or independent consultant not employed by or

affiliated with any party retained for the purposes of consulting or testifying in connection with this civil action ("Expert") who has executed a letter to counsel for the recipient stating that Expert has read and understood this Stipulation and agrees to abide by its terms; (vi) the jury; and (vii) any non-party deponent who, prior to commencement of this civil action, authored or received the Confidential Information sought to be disclosed to that person, except: (a) with prior written approval of the Producing Person or its attorneys; or (b) upon further order of the Court, after notice to all parties.

5. No person to whom Confidential Material is disclosed shall disclose such materials or the contents of such materials to any person to whom disclosure is not authorized by the terms hereof.

6. A party wishing to challenge a Producing Person's designation of Discovery Materials as Confidential (the "Objecting Person") shall provide written notice to the Producing Person's counsel of record identifying the Bates numbers of the documents that the party contends has been improperly designated as Confidential Material. Within seven days of receipt of such notice, the Producing Person or its counsel must respond to such notice in writing. If the Objecting Person and the Producing Person subsequently are unable to agree upon the terms and conditions of disclosure for the information or material in question, the Objecting Person shall be free to seek the Court's intervention to resolve the dispute. The Objecting Person shall not use the challenged information or documents in any way inconsistent with the terms of this Stipulation pending resolution of the dispute.

7. The parties understand and agree that failure to handle Confidential Material in accordance with the terms set forth herein will cause immediate, substantial and irreparable injury, and will be a sufficient basis for a Court to award injunctive or monetary damages. The

Producing Party shall be entitled to recovery of all reasonable professional fees and costs incurred as a result of enforcing the confidentiality obligations under this agreement.

8.      Any party wishing to file Confidential Material with the Court shall seek leave for the documents to be filed under seal in accordance with Rule 4 of Judge Hellerstein's individual rules and the protocol set forth in the Southern District at http://www.nysd.uscourts.gov/cases_records.php?records=sealed_records.

9.      The inadvertent or unintentional disclosure of Confidential Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Producing Person's claims of confidentiality as to such document or any other document, or with respect to the subject matter thereof, or with respect to the information contained therein.

10.     Nothing contained in this order shall affect the right, if any, of a Producing Person to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admission, requests for production of documents, or questions at deposition. In producing Discovery Materials protected by this Stipulation, a Producing Person does not concede the relevance or materiality to this action of the documents and information provided. Nor shall this Stipulation be construed as a waiver of any attorney-client privilege, any work-product doctrine or any other applicable privilege or doctrine. Inadvertent production of any such protected document shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such document or any other document, or with respect to the subject matter thereof, or with respect to the information contained therein, nor shall such inadvertent production waive any right to object to the use of any such document or the information contained therein during any subsequent proceeding.

Upon notification that such disclosure was inadvertent, the document(s) and any copies thereof shall be returned to the Producing Person immediately.

11. All Confidential Material and copies thereof (including but not limited to analyses, charts, summaries and digests of the Confidential Material) shall be returned to the Producing Person no later than five (5) days following final adjudication of this litigation, except that Confidential Material may instead be destroyed by the non-producing party upon final adjudication of this litigation rather than returned, provided that the non-producing party shall certify in writing to the Producing Person that Confidential Material has been destroyed.

(a) Counsel may retain their work product, such as pleadings, notes, correspondence, and memoranda, that contains or refers to "Confidential" information, provided that all such "Confidential" information shall remain subject to this Stipulated Protective Order and shall not be disclosed to any person except as permitted by this Stipulation and Order.

(b) Notwithstanding the foregoing, the Receiving Party may retain such copies of the "Confidential" information (including "Confidential" information stored on electronic, magnetic, or similar media) in accordance with policies and procedures implemented in order to comply with legal and regulatory requirements and other legal and compliance purposes.

12. The provisions of this Stipulation shall, absent written permission of the Producing Person or order of the Court, continue to be binding after the conclusion of this action. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this civil action. The terms of this Stipulation may be changed only by Order of the Court, and are without prejudice to the rights of any party to seek relief from any of this Stipulation's provisions, or to seek different or additional protection for any particular material or information.

13. The limitations contained in this Stipulation shall not affect the parties' right in the future to seek confidential treatment for Discovery Materials that do not fall within the scope of paragraph 3 of this Stipulation.

14. Nothing in this Stipulation shall prevent or restrict the persons subject to it from seeking at any time, by petition to the Court upon notice to all parties, to modify the restrictions provided herein on the disclosure of specific Confidential Information.

15. The foregoing is entirely without prejudice to the right of any party to apply to the Court for an order compelling production of documents.

Dated: New York, New York  
      **February 11**, 2021

**DEREK SMITH LAW GROUP, PLLC**

By: _/s/ Rachel Allen_  
    Rachel Allen

One Penn Plaza, Suite 4905  
New York, NY 10019  
(212) 587-0760  
*Attorneys for Plaintiff*

Dated: New York, New York  
      February 12, 2021

**DAVIS WRIGHT TREMAINE LLP**

By: _/s/ Scott M. Cooper_  
    Laura Sack  
    Scott M. Cooper

1251 Avenue of the Americas, 21st Floor  
New York, NY 10020  
(212) 489-8230  
*Attorneys for Defendants Eye Productions Inc., ViacomCBS Inc., and Michael Woll*

**SO ORDERED:**

/s/ Hon. Alvin K. Hellerstein   Dated: Feb. 17, 2021  
_____  
    Hon. Alvin K. Hellerstein  
    U.S. District Court Judge